573 A.2d 677

**ESSI INTERNATIONAL, INC. and Federal Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BOWMAN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 2, 1990.

Decided April 27, 1990.

Raymond F. Keisling, Will, Keisling, Ganassi & McCloskey, Carnegie, for petitioners.

Shelly W. Elovitz, Rothman, Gordon, Foreman & Groudine, P.C., Pittsburgh, for respondent, Gregory Bowman.

Before PALLADINO and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Essi International, Inc. and Federal Insurance Company (collectively Essi) appeal from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision awarding Gregory Bowman (Claimant) permanent weekly workmen's compensation benefits and other relief pursuant to The Pennsylvania Workmen's Compensation Act (Act).[1] Essi's sole issue on appeal is whether the Board erred in affirming the referee's decision when Essi was not provided an opportunity by the referee to present medical testimony through depositions and when the referee closed the record before either side had concluded its case. For the reasons set forth below, the Board's order is vacated and the matter is remanded for further proceedings consistent with this opinion.

Claimant filed a petition, thereafter amended, on August 21, 1987 requesting relief under the Act for alleged injuries sustained while in the employ of Essi International, Inc. Claimant contends that he suffered headaches and impaired vision following an incident where lightning struck an airplane upon which he had been working, knocking him unconscious. Claimant presented testimony and medical evidence in the form of hospital records during five hearings before the referee. Attempts to introduce doctors' reports by both sides were met with objections on the ground of hearsay, which the referee uniformly sustained. At the fifth hearing, July 11, 1988, Claimant requested a continuance so that the deposition of his chief medical witness, Dr. Beckman, scheduled September 27, 1988, might be taken. The referee granted Claimant's request and rescheduled the hearing to November, 1988. Thereafter, on

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

October 5, 1988, the referee sent notice to the parties that the case was scheduled for a final hearing on November 4, 1988. The notice provided that all additional evidence was to be presented at that time and that the case would be decided on the basis of the record as of the conclusion of the hearing. The referee also warned that no further continuances would be granted. November 4, 1988 Hearing, N.T., p. 2. On October 31, 1988, five days before the scheduled last hearing, Claimant mailed the transcript of Dr. Beckman's deposition to the referee. *Id.*, p. 4.

Claimant's attorney failed to appear at the November 4, 1988 hearing because of a conflict. Essi's counsel informed the referee of the reason for Claimant's counsel's absence. *Id.*, pp. 3–4. The referee admitted into evidence the transcript of the deposition of Dr. Beckman and then addressed Essi's request for a continuance so that Essi could then take a deposition of their medical witness. After ascertaining that the deposition had not yet been arranged, the referee denied Essi's request, indicating that his notice directed that the record would be closed at this hearing. *Id.*, pp. 4–5. At this point, however, Claimant had not yet rested his case. Indeed, Essi indicates in their brief to this Court, without contradiction or objection by Claimant, that the parties had agreed that a continuance would be necessary so that Claimant could take the deposition of a Dr. Palkovitz and Essi could take the deposition of their medical witness. *See* Brief for Petitioner, p. 8.

At the conclusion of the hearing, Essi moved to admit into evidence three medical reports, two of which had been objected to by Claimant at a prior hearing. Although the referee sustained Claimant's objections at the time they were made, the referee, without the presence of Claimant's counsel, admitted the reports into evidence. Thereafter, the referee made his decision for Claimant based on the strength of Dr. Beckman's deposition testimony. The Board affirmed the referee's decision, dismissing Essi's contention that a remand was proper in light of the premature closing of the record. Essi also argued, unsuccessful-

ly, that the award was not supported by sufficient competent evidence.

This Court's scope of review where the Board takes no additional evidence is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Commonwealth Ct. 587, 562 A.2d 437 (1989); *Universal Trucking, Inc. v. Workmen's Compensation Appeal Board (Hassell)*, 112 Pa.Commonwealth Ct. 428, 535 A.2d 722 (1988). This Court has held that the Board has the power to remand cases to the referee under Section 419 of the Act, 77 P.S. § 852, when the findings of the referee are not supported by competent evidence or the referee has failed to make a finding on a crucial issue. *Bickel v. Workmen's Compensation Appeal Board (Williamsport Sanitary Authority)*, 114 Pa.Commonwealth Ct. 333, 538 A.2d 661 (1988); *LoRubbio v. Workmen's Compensation Appeal Board*, 49 Pa.Commonwealth Ct. 529, 411 A.2d 866 (1980). Recent Pennsylvania Supreme Court cases have made it clear, however, that the power of the Board to remand is much broader. In *Joseph v. Workmen's Compensation Appeal Board (Delphi Company)*, 522 Pa. 154, 560 A.2d 755 (1989), the Supreme Court held that the Board's power to remand, particularly when it has not already rendered a decision, may be exercised in the interests of efficient and fair resolution of claims or the general interests of justice. *See also Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988) (concerning the Board's power to grant a rehearing).

In the present case, the referee closed the record before all evidence from *both* sides was admitted. As a result, the referee entered a decision on an incomplete and tainted record that by its very nature could not yield competent evidence. Further, the interests of justice and a fair resolution of claims preclude a premature closing of the record. This Court therefore finds that this matter should

be remanded to the Board with instructions to remand the record to the referee to proceed consistent with this opinion.

In rendering this decision, this Court is not unmindful of the disturbing action or inaction of the parties who failed to take appropriate steps to either schedule the necessary depositions prior to the November 4, 1988 hearing or to inform the referee of their reasonable agreements and requests for continuance prior to appearing at what was scheduled to be the "final" hearing. The action or inaction of counsel is not to be condoned by this Court. Notwithstanding same, we find the following language of the Supreme Court controlling:

> To require a review of the record to be made by the Board without first permitting the referee to make a decision based upon a *complete* record would be incongruous indeed, and might lead to affirmance by the Board of decisions that, due to the lack of full consideration by the referee and the incompleteness of the record presented for review, erroneously appear sustainable.

*Joseph*, 522 Pa. at 159, 560 A.2d at 757 (emphasis added).

Accordingly, the Board's decision is vacated, and this matter is remanded for further proceedings in which the referee shall consider the remaining evidence of the parties, which the parties shall submit without undue delay and within the period prescribed by the referee, together with the evidence previously admitted, and make the appropriate findings of fact and conclusions of law based upon a complete record.

PALLADINO, J., dissents.