**Annette ATKINS, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (STAPLEY IN GERMANTOWN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 12, 1999.

Decided Aug. 6, 1999.

Thomas More Holland, Philadelphia, for petitioner.

Gayle Frink-Johnson, Blue Bell, for respondent.

Before McGINLEY, J., FLAHERTY, J., and RODGERS, Senior Judge.

FLAHERTY, Judge.

Annette Atkins (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board), which affirmed the order of the Workers' Compensation Judge (WCJ) that granted Stapley In Germantown's (Employer or Defendant) termination petition. We affirm.

Claimant was injured while working as a housekeeper for Employer on April 16, 1993. Employer issued a Notice of Compensation Payable on May 6, 1993, describing the injury as a lumbar sprain/strain. Employer filed a termination petition on August 6, 1993, alleging that Claimant's disability had ceased on or before June 28, 1993. Claimant did not file an answer to Employer's petition. Pursuant to a supersedeas hearing conducted on January 31, 1994, the WCJ issued an interlocutory order that was circulated on February 28, 1994, granting the supersedeas as of August 6, 1993. A subsequent hearing was held on September 12, 1994. As the Employer had failed to take the deposition of its medical expert within 90 days of the initial hearing, the WCJ issued a modified interlocutory order circulated on October 25, 1994. That order modified the prior order granting the Employer a supersedeas and reinstated Claimant's compensation for total disability on and after September 12, 1994 and allowing a twenty per cent counsel fee payable to Claimant's counsel.

On October 10, 1994, which was after the hearing held on September 12, 1994 but before the October 25, 1994 order by the WCJ modifying the supersedeas order, Defendant took the deposition of its medical expert, Dr. Eckbold. Dr. Eckbold examined Claimant on June 28, 1993 and opined in his deposition that based upon his exam and tests and review of medical records that Claimant was no longer disabled and could return to work without restrictions.

Claimant did not present any testimony or evidence in opposition to Employer's termination petition. However, Claimant did object to the admissibility of Dr. Eckbold's deposition as being barred due to it being taken in an untimely manner in violation of the Special Rules of Administrative Practice and Procedure Before Referees [sic][1] 34 Pa.Code § 131.63(c) which

1. The Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2606, was amended by Act of July 2, 1993, P.L. 190, commonly referred to as Act 44 which changed the term referee to Judge. Apparently, the Workers'

provides in relevant part that "[t]he deposition of a medical expert testifying for the moving party shall be taken within 90 days of the date of the first hearing scheduled unless the time is extended or shortened by the referee for good cause shown." In addition, Claimant moved for the dismissal of Employer's termination petition essentially based on the fact of Employer's failure to prosecute and that if Dr. Eckbold's deposition were determined to be inadmissible, Employer would have no evidence to meet its burden in the termination petition.

The WCJ ruled that Dr. Eckbold's deposition was admissible. The WCJ also denied Claimant's motion to dismiss Employer's termination petition and granted the termination petition. Claimant appealed to the Board which held that the WCJ acted within his discretion to excuse Employer's delay in taking the deposition pursuant to 34 Pa.Code § 131.3 which provides in relevant part that "[t]he referee may, for good cause shown, waive or modify a provision of this chapter [i.e. Chapter 131, entitled Special Rules of Administrative Practice and Procedure Before Referees] upon motion of a party, agreement of all parties, or upon the referee's own motion." Accordingly, the Board affirmed. Claimant now petitions this court for review.[2]

Although Claimant lists two questions in the Statement of Questions Presented section of her brief, there really is only one issue, namely, whether the WCJ was justified in waiving the 90–day time limit for the taking of Dr. Eckbold's deposition.[3] Claimant argues that the Board and the

WCJ erred, as a matter of law in holding that Dr. Eckbold's deposition was admissible. Claimant acknowledges that a WCJ may waive or modify the time limits for the taking of a medical witness' deposition upon good cause shown in accord with 34 Pa.Code § 131.3(a), but asserts that good cause was not shown by the Defendant herein.

At the hearing on Claimant's objection to the admissibility of the deposition and on Claimant's motion to dismiss, the attorney for Employer stated that the delay in scheduling the deposition was due in large part to his secretary being out of the office during the relevant time as well as due to ice storms, problems with scheduling and a lack of personnel. Reproduced Record at p. 16a. The WCJ found that "[t]hrough inadvertence by Defendant, the deposition of Defendant's medical expert wasn't arranged until on or about September 6, 1994 to take place on October 10, 1994. AS [sic] a result of the delay, the Workers' Compensation Judge reinstated compensation for a total disability to Claimant on and after September 12, 1994." WCJ's Finding of Fact (F.F.) No. 11. Claimant argues that reasons for the delay offered by Employer's counsel cannot as a matter of law constitute good cause to excuse the delay because even if we take all of the factors cumulatively which Employer's counsel offers to excuse the delay, they cannot account for the nine month delay between the first hearing held at the end of January 1994 and the deposition taken in October 1994.

Employer responds by suggesting that admission of testimony is committed to the

Compensation Authorities have not yet amended the Special Rules of Administrative Practice and Procedure to reflect this change.

**2.** Appellate review over an order of the Board is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *School District of Philadelphia v. Workers' Compensation Appeal Board (Lanier)*, 727 A.2d 1171 (Pa.Cmwlth.1999).

**3.** The two questions which Claimant lists are:

 1. Whether Respondent's [Employer] violation of 34 Pa. Admin. Code Section 131.63(c) precluded the Workers' Compensation Judge from admitting or utilizing the deposition testimony of Dr. Eckbold?

 2. Whether inadvertence of counsel justifies or warrants the waiver of this rule under 131.3(a)?

sound discretion of the WCJ as is the WCJ's decision whether to waive the time limits imposed for the taking of a medical deposition. Employer relies upon *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988) for the proposition that even where available evidence was not presented in a timely manner, that evidence may be introduced late where the interest of justice is served thereby. Employer suggests that the WCJ did not abuse its discretion in admitting Dr. Eckbold's deposition as the interest of justice was served thereby. Employer further suggests that the WCJ did not commit an error of law in determining that the reasons Employer offered for the failure to comply with the 90–day limit constituted good cause. Finally, Employer intimates that the remedy fashioned by the WCJ of reinstating Claimant's benefits for Employer's failure to timely depose Dr. Eckbold was well within the WCJ's discretion and was a sufficient remedy.

 We note that the Board held that "the WCJ was within his discretion in determining under the specific facts of this case, that the late medical testimony should be allowed into evidence. The Board will not overturn a WCJ determination that is within his discretion without a showing of abuse of that discretion. Here we discern no abuse." Board op. at p. 4. We agree with the Employer and the Board. Admission of evidence is committed to the sound discretion of the WCJ. *See Pennsylvania Game Commission v. Pennsylvania Department of Environmental Resources*, 97 Pa.Cmwlth. 78, 509 A.2d 877, 887 (1986), *aff'd*, 521 Pa. 121, 555 A.2d 812 (1989)("It is clear that matters of evidence taking, and the admission of testimony and exhibits, are matters committed to the sound discretion of the hearing body.") In addition, whether the WCJ should waive any of the Special Rules of Administrative Practice and Procedure Before Referees is a matter committed to the sound discretion of the WCJ. *Nevin Trucking v. Workmen's Compensation Ap-*

*peal Board (Murdock)*, 667 A.2d 262, 270 (Pa.Cmwlth.1995)("the referee has the discretion to waive the special rules....") Here, we detect no abuse of the WCJ's discretion in either admitting the deposition or in waiving the Employer's compliance with the 90–day requirement.

Claimant states that the WCJ's "discretion in waiving or modifying the Special Rules is subject to whether or not a party is prejudiced. *Nevin Trucking v. W.C.A.B.*[,] 667 A.2d 262 (Pa.Cmwlth. 1995)." Claimant's brief at p. 12. Claimant goes on to argue that here he was prejudiced by the WCJ's admission of the deposition into evidence. Claimant asserts that "the deposition of Dr. Eckbold is the evidentiary basis of the Respondent's case and Claimant, appellant herein, was unduly prejudiced by the delay and the Judge's acceptance of the deposition into evidence over Claimant's objection." Claimant's brief at p. 13.

 Accepting arguendo that prejudice is an element in analyzing whether the WCJ should grant a waiver, we reject Claimant's argument that the WCJ abused its discretion by admitting the deposition because by doing so, the Claimant was prejudiced thereby. The prejudice Claimant is arguing herein is that her ability to win the case is hurt by the introduction of the deposition. Of course it is, but this is not what courts mean when utilizing the phrase prejudice in the context of determining whether delay by an opposing party ought to serve as grounds for precluding evidence which that opposing party wants to introduce. Rather the kind of prejudice intended is that because of the delay, the party objecting to the admission of such evidence has been rendered incapable of responding to such evidence, because e.g., a witness has died, evidence has been lost, etc. *See, e.g., Class of Two Hundred Administrative Faculty Members v. Scanlon*, 502 Pa. 275, 279, 466 A.2d 103, 105 (1983)("The prejudice required is established where, for example, witnesses die or become unavailable, records are lost

or destroyed, and changes in position occur due to the anticipation that a party will not pursue a particular claim.") Prejudice does not simply mean that the evidence that will be introduced is harmful to the objecting party's case. In analyzing prejudice in this kind of context, courts do not look to the **evidence** sought to be introduced to see if it is harmful to the objecting party's case. Rather, courts look to the **delay** to see if during the period of delay something occurred which harmed the objecting party's case, such as, e.g., the loss of evidence, death of a witness, etc. "It should be emphasized that prejudice, in this context, means more than simply damage to the opponent's cause. A party's case is always damaged by evidence that the facts are contrary to his contentions; but that cannot be a ground for exclusion." *Albert v. Alter*, 252 Pa.Super. 203, 381 A.2d 459, 465 n. 2 (1977). What this court has previously said in analyzing whether a party should be permitted to amend its pleading and in analyzing prejudice to the opposing party provides guidance on the issue raised by Claimant. This court stated in *Philadelphia v. Spencer*, 139 Pa.Cmwlth. 574, 591 A.2d 5, 7 (1991), *quoting, Bata v. Central–Penn National Bank of Philadelphia*, 448 Pa. 355, 380, 293 A.2d 343, 357 (1972) *cert. denied*, 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973):

> [i]f the amendment contains allegations which would have been allowed inclusion in the original pleading (the usual case), then the question of prejudice is presented by the *time* at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed.

Likewise here, the prejudice Claimant must demonstrate is not that if the deposition is admitted, she may lose her case but that the **delay** in obtaining the deposition compromised her ability to present her case. As Claimant has failed to demonstrate the kind of prejudice necessary to warrant the exclusion of Dr. Eckbold's deposition, we find no abuse of the WCJ's discretion in waiving compliance by the Employer with the 90 day rule.

Accordingly, the order of the Board is hereby affirmed.

### O R D E R

AND NOW, this 6th day of August, 1999, the order of the Workers' Compensation Appeal Board, docketed at No. A97–0065 and dated October 9, 1998 is hereby affirmed.