**Alan J. CLAYTON, Petitioner**

v.

**WORKERS' COMPENSATION AP-PEAL BOARD (CARPENTRY CON-CEPTS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 10, 2005.

Decided Aug. 18, 2005.

Adam M. Taylor, Philadelphia, for petitioner.

Michael T. McGrath, Philadelphia, for respondent.

BEFORE: PELLEGRINI, J., LEAVITT, J., and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

Alan J. Clayton (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) dismissing Claimant's claim petition for failure to prosecute. In doing so, the Board af-

firmed the Workers' Compensation Judge's (WCJ) dismissal of Claimant's petition, holding, further, that the WCJ's dismissal was with prejudice.

On January 8, 2003, Claimant filed a claim petition asserting that he had sustained a work-related injury on May 24, 2001, while working as a cabinet maker for Carpentry Concepts, Inc. (Employer).[1] Claimant alleged that he suffered a fractured facial bone when a sanding drum came loose from the shaping machine he was working on and struck him in the face. Employer filed an answer denying all allegations in Claimant's petition.

The parties proceeded to their first hearing before the WCJ on March 20, 2003.[2] Claimant attended but did not testify because, he explained, his attorney had a scheduling conflict. Claimant's counsel thereafter stated by motion that he intended to schedule two medical depositions—one regarding the physical injury and one related to possible post-traumatic stress disorder resulting from the injury. Accordingly, the WCJ continued the case until May.

A status conference was held on April 8, 2003. At this conference, Claimant's counsel informed the WCJ that the medical depositions had not yet been scheduled, although counsel stated that one doctor was "readily available." The WCJ suggested that Claimant withdraw his claim petition and re-file it when he was ready to proceed. In response, Claimant's counsel assured the WCJ that Claimant was ready. Claimant's counsel suggested that Claimant be deposed in May and that discovery

be completed by June. The WCJ rejected this suggestion. The hearing was continued to May to allow for Claimant's live testimony, two medical depositions and Employer's independent medical examinations.

A second hearing was held on May 15, 2003. Although Claimant's counsel had scheduled one medical deposition for June 11, 2003, there was still no testimony offered at this hearing. Claimant did not attend. Counsel could not explain Claimant's absence but promised that Claimant would attend the next hearing even "if I have to pick him up." Notes of Testimony, 5/15/03, at 13 (N.T. ——). Once again, the WCJ continued the case to July.

The third and final hearing was held on July 15, 2003. Neither Claimant nor Claimant's counsel attended this hearing.[3] The WCJ stated on the record that notice of the hearing had been mailed to both Claimant and his attorney on June 6, 2003, at the addresses provided on the claim petition; the WCJ noted that these notices had not been returned by the post office. Employer moved to dismiss the petition for failure to prosecute.

By order dated July 29, 2003, the WCJ granted Employer's motion and dismissed the claim petition for failure to prosecute. In his opinion, the WCJ reiterated that Claimant had received notice of the final hearing and had not provided any excuse, either in person or by counsel, for his failure to attend. The WCJ's order did not recite whether the petition was dismissed with or without prejudice. In light

---

1. The claim petition stated the date of the injury was May 1, 2002; however, Claimant amended the petition to restate the date of injury as May 24, 2001.

2. The first hearing was originally scheduled for February 18, 2003, but was postponed by the WCJ.

3. The WCJ called the case three times, and there was no response from either Claimant or Claimant's counsel.

of this fact, Claimant appealed to the Board and requested remand for further proceedings. The Board concluded that the WCJ properly dismissed the claim petition and intended to do so with prejudice, and, accordingly, affirmed the WCJ's order. Claimant now petitions for this Court's review.[4]

■ Claimant argues that the Board erred by failing to remand this matter for further proceedings. Claimant contends that since the WCJ did not expressly dismiss his claim petition "with prejudice" the Board should have assumed the dismissal was without prejudice. In support, Claimant cites to a single case, *FROF, Inc. v. Harris*, 695 F.Supp. 827 (E.D.Pa.1988).

In *FROF, Inc.*, the district court considered whether its order dismissing an action for failure to prosecute had been with prejudice even though it did not so state. Because it was the judge's practice to specify that a dismissal for failure to prosecute was without prejudice, he ruled that the absence of the words "without prejudice" from his order was a clerical oversight, and not consistent with his intention and practice in such circumstances. *FROF, Inc.* is neither controlling nor even instructive. The district court did not, as Claimant suggests, announce a general rule that a dismissal for failure to prosecute is always without prejudice unless

otherwise specified in the order. Indeed, the Federal Rules of Civil Procedure actually dictate the opposite result.[5] The court simply wished to correct its own clerical error.

This case is more akin to *Cipollini v. Workmen's Compensation Appeal Board (Philadelphia Electric Company)*, 167 Pa. Cmwlth.25, 647 A.2d 608, 609 (1994), where we affirmed a WCJ's decision to dismiss[6] a claim petition with prejudice because the claimant had not presented any medical evidence regarding her alleged work-related injury. The WCJ granted numerous continuances to allow the claimant's counsel to depose its witnesses. The depositions were neither scheduled nor taken, despite the fact that the WCJ warned that the record would be closed.

■ As was the claimant in *Cipollini*, Claimant has been dilatory. He has presented no evidence in support of his claim petition, either his own or that of medical experts. The WCJ continued the proceedings on three occasions to give Claimant an opportunity to make a record. In spite of advance written notice of the third and final hearing date, neither Claimant nor his counsel appeared. Neither offered any explanation for their absences. Based upon these facts, we find no error by the Board in presuming that the WCJ intended to dismiss Claimant's claim petition with prejudice.[7]

---

4. This Court's scope of review is "limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed." *City of Pittsburgh v. Workers' Compensation Appeal Board (McGrew)*, 785 A.2d 170, 172 n. 1 (Pa.Cmwlth.2001).

5. Federal Rule of Civil Procedure 41(b) states, in relevant part:

  **(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute … a defendant may move for dismissal of an action or of any claim against the defen-

dant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision … operates as an adjudication upon the merits.

6. In *Cipollini*, the WCJ marked the petition "Withdrawn with Prejudice," but the parties agreed that the WCJ actually dismissed the action because the claimant did not agree to withdraw the petition. *Cipollini*, 647 A.2d at 608 n. 2.

7. Claimant raises two additional issues in his brief to this Court: that the WCJ failed to issue a reasoned decision and that both

Accordingly, the decision of the Board is affirmed.

### ORDER

AND NOW, this 18th day of August, 2005, the order of the Workers' Compensation Appeal Board dated December 21, 2004, in the above-captioned matter is hereby affirmed.

Claimant and his attorney had a reasonable excuse for failing to attend the July 15, 2003, hearing. Because Claimant raises these issues for the first time on appeal they are waived. *Mearion v. Workers' Compensation Appeal Board (Franklin Smelting & Refining Co.),* 703 A.2d 1080, 1081 (Pa.Cmwlth.1997) (failure to raise an issue before the WCJ or Board constitutes a failure to preserve that issue for review by this Court).