# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luis Martinez, : 
              Petitioner : 
               : 
      v. : No. 1575 C.D. 2015
               : Submitted: March 11, 2016
Workers' Compensation Appeal : 
Board (Roman Catholic Archdiocese : 
of Philadelphia), : 
             Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: May 12, 2016**

      Luiz Martinez (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming a decision of a workers' compensation judge (WCJ) that granted Claimant's claim petition and awarded him wage loss benefits under the Workers' Compensation Act[1] (Act) for a closed period of approximately five months. Claimant contends the WCJ erred in closing the record and precluding the deposition testimony of Claimant's treating physician, which Claimant scheduled for eight days after the final (fourth) hearing. Claimant asserts the WCJ should have allowed the deposition in rebuttal to the employer's medical evidence. Claimant further asserts this medical evidence would have altered the WCJ's findings regarding the diagnosis of his work injury and the resulting period of disability. For the reasons that follow, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1-1041.4, 2501-2708.

# I. Background

Since 2008, Claimant worked for the Roman Catholic Archdiocese of Philadelphia (Employer) as a landskeeper at its Immaculate Heart of Mary Cemetery. His duties involved "cutting the grass, picking up wood and trash, picking up tombstones, weed-whacking around the graves and digging cemetery plots." WCJ's Op., 9/12/14, Finding of Fact (F.F.) No. 1a. He frequently lifted more than 50 pounds. Id.

On Friday, February 1, 2013, Claimant sustained an injury while picking up a heavy piece of frozen plywood and loading it into a jeep. F.F. No. 1b. In attempting to load the wood onto the vehicle, Claimant tripped, twisted and fell backwards. Id. Claimant's lower back hit the ground and the plywood hit the right side of his leg, shoulder and arm. Id. Claimant's supervisor, Michael Bellapigna (Supervisor) heard the loud noise, came over, and asked Claimant what happened. Id. Claimant told Supervisor he tripped and fell. Id. However, Claimant continued working in pain because he feared Supervisor would fire him. Id.

On the day after his fall, Claimant visited his family physician, Dr. Hollinger (Family Physician). F.F. No. 1c. After the visit, Claimant understood that he could not return to full duty. Id. On Monday, February 4, Claimant provided Supervisor with Family Physician's note. Id. Supervisor then sent Claimant to a workers' compensation panel physician, Dr. Bonner (Panel Physician). Id. Following his visit to Panel Physician, Claimant understood that he could not return to work. Id. Claimant provided Supervisor with these papers.

Id. Thereafter, Employer issued a notice of compensation denial asserting Claimant did not sustain a work-related injury on February 1, 2013.

In March 2013, Claimant filed a claim petition alleging he sustained a work-related low back injury in the nature of disc pathology and radicular complaints as a result of the February 2013 work incident. Employer filed a timely answer denying Claimant's material allegations.

In support of his claim petition, Claimant submitted the deposition testimony of Dr. Sofia Lam (Claimant's Physician), who is board certified in anesthesiology and pain management. She diagnosed Claimant's February 2013 injuries as: lumbar strain and sprain; discogenic lumbar radiculopathy focusing in the right L5-S1 nerve root distribution; aggravation of degenerative disc disease and facet arthropathy; and, right sacroiliac pathology. F.F. No. 4c. Claimant's Physician related these diagnoses to Claimant's February 2013 work accident. Id.

In opposition to the claim petition, Employer submitted the deposition testimony of a board certified orthopedic surgeon, Dr. Armando Mendez (IME Physician), who performed an independent medical evaluation (IME) of Claimant, which included a physical examination and a review his medical records. F.F. Nos. 5a-5c. Ultimately, IME Physician opined Claimant sustained a lumbar strain and sprain as a result of the February 2013 work incident. F.F. No. 5e. IME Physician further opined Claimant fully and completely recovered from that injury as of his July 3, 2013 evaluation. Id. In addition, IME Physician opined Claimant

could return to work without restrictions and required no further medical treatment for that injury. Id.

Thereafter, Claimant scheduled a rebuttal deposition of Dr. Daisy Rodriguez (Rebuttal Physician), Claimant's primary treating physician, to be held on March 19, 2014. At the fourth and final hearing on March 11, 2014, Employer objected to the rebuttal deposition. The WCJ sustained Employer's objection and denied Claimant's request for the deposition. As reasons for her denial, the WCJ noted the first hearing occurred nearly a year ago and "that Claimant is out of time to take additional evidence." See Notes of Testimony (N.T.), 3/11/14, at 6; Reproduced Record (R.R.) at 50a. The WCJ further stated that Claimant failed to provide a sufficient reason why Claimant's Physician's testimony was insufficient. In this regard, the WCJ stated that Rebuttal Physician referred Claimant to Claimant's Physician, and Claimant's Physician reviewed Rebuttal Physician's treatment records. N.T. at 7; R.R. at 51a. In addition, the WCJ observed, the rebuttal deposition may result in Employer's need to present additional medical testimony, which would further delay the case. Id.

Following the close of the record, the WCJ circulated a decision granting Claimant's claim petition for the period of February 1, 2013 to July 3, 2013. See WCJ's Order, 9/2/14. With regard to the medical evidence, the WCJ found IME Physician's testimony more credible than that of Claimant's Physician regarding Claimant's condition after July 3, 2013. See F.F No. 9(a) – (e).

4

Claimant appealed, and the Board affirmed. In its decision, the Board rejected Claimant's argument that the WCJ erred in denying Claimant's request for a rebuttal deposition. In doing so, the Board noted it is within the WCJ's discretion to control her docket by ordering the parties to proceed in a timely manner. US Airways v. Workers' Comp. Appeal Bd. (McConnell), 870 A.2d 418 (Pa. Cmwlth. 2005). Claimant petitions for review.[2]

## II. Discussion

### A. Argument

Claimant contends the WCJ erred in precluding the deposition testimony of Rebuttal Physician, which he scheduled for eight days after the final hearing. Claimant asserts this medical evidence would have potentially altered the WCJ's findings regarding the diagnosis of his work injury and the resulting period of disability. In particular, Claimant observed, the WCJ discredited Claimant's Physician's testimony partly because she only saw Claimant three times.

As support for his position, Claimant cites Section 131.63 of the Special Rules of Administrative Practice and Procedure Before WCJs (Judges' Rules), relating to the time for taking oral depositions, which provides (with emphasis added):

---

[2] This Court's review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. 2 Pa. C.S. §704; Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap), 81 A.3d 830 (Pa. 2013).

(a) An oral deposition may be taken at any time subsequent to 30 days after the date of assignment of the petition by the Department.

(b) Oral depositions shall be completed so as to not to delay unreasonably the conclusion of the proceedings, and within a time schedule agreed upon by the parties and approved by the judge provided that medical depositions shall be completed by as specified in subsections (c) and (e).

(c) The deposition of a medical expert testifying for the moving party shall be taken within 90 days of the date of the first hearing scheduled unless the time is extended or shortened by the judge for good cause shown. The deposition of a medical expert testifying for the responding party shall be taken within 90 days of the date of the deposition of the last medical expert testifying on behalf of the moving party.

(d) A party wishing to present depositions for rebuttal or surrebuttal shall notify the judge in writing within 21 days after the conduct of the hearing or deposition at which the testimony to be rebutted or surrebutted has been given.

(e) Depositions for rebuttal or surrebuttal shall be taken in accordance with §131.53(e) (relating to procedures subsequent to the first hearing).

(f) If a party fails to abide by the time limits established by this section for submitting evidence, the evidence will not be admitted, relied upon or utilized in the proceedings or the judge's rulings.

34 Pa. Code §131.63(a)—(f).

Claimant also cites Section 131.12 of the Judges' Rules, relating to modification of time, which provides:

6

(a) Except for answers to petitions as set forth in §131.33 … the time fixed or the period of time prescribed in this chapter may, in the exercise of sound discretion and for good cause, be shortened or extended by the judge upon the judge's motion or at the request of a party.

(b) Modifications of time, other than continuances or postponements of hearings, will be governed by the following:

(1) Requests for extensions of time shall be filed at least 3 days before the time specified as shortened or extended. Requests made within 3 days prior to the time specified or as shortened or extended may be considered if the judge is satisfied that the circumstances relating to the request occurred within those 3 days. After the expiration of the time specified, the act may be permitted to be done if reasonable grounds are shown for the failure to act within the time specified or as previously shortened or extended.

(2) Requests for extensions of time shall be made in writing and state the facts upon which the request rests. During the course of a hearing, the request may be made by oral motion to the judge.

(3) Requests for extensions of time, except those made orally at a hearing, shall be filed with the judge, served upon all parties, and a proof of service of same shall be filed with the judge.

34 Pa. Code §131.12(a)—(b).

In addition, Section 131.53 of the Judges' Rules, relating to procedures subsequent to the first hearing, pertinently provides:

(e) A party wishing to present testimony in the form of rebuttal or surrebuttal shall notify the judge in writing within 21 days after conduct of the hearing or deposition at which the testimony to be rebutted has been given.

7

(f) Following a request to present rebuttal or surrebuttal testimony, the testimony shall be presented at a hearing or deposition provided the testimony shall be taken no later than 45 days after the conclusion of the case of the party presenting the testimony or evidence to be rebutted or submitted.

(g) Dates of the medical examinations, if not scheduled prior to the first hearing actually held, shall be scheduled within 45 days after the first hearing actually held.

34 Pa. Code §131.53(e)—(g).

Claimant argues the Judges' Rules contain definite time limitations for the scheduling of medical depositions and for the taking of rebuttal/surrebuttal evidence. Further, Claimant argues, WCJs do not enjoy broad discretion to modify the time limitations based on a showing of good cause. To that end, Claimant asserts the Judges' Rules provide that a rebuttal deposition may be completed up to 45 days after the submission of the evidence to be rebutted. See 34 Pa. Code §131.53(f).

In the present case, Claimant argues Employer timely *deposed* IME Physician on February 10, 2014. Claimant noticed the rebuttal deposition by letter dated February 26, 2014, to take place on March 19, 2014, within 45 days of IME Physician's deposition and within 8 days of the final hearing. Therefore, Claimant argues, the WCJ committed reversible error by precluding rebuttal testimony which was timely noticed and scheduled.

Further, Claimant notes, the WCJ rejected Claimant's Physician's testimony because she saw Claimant only three times and not until after IME

8

Physician examined Claimant in July, 2013. See F.F. No. 9(e). The WCJ then accepted IME Physician's opinion as to Claimant's diagnosis and recovery despite the fact that IME Physician only saw Claimant once. Claimant asserts Rebuttal Physician would have testified that she treated Claimant since 2013 and examined him many times. Thus, Claimant argues Rebuttal Physician's testimony would have directly rebutted IME Physician's opinions.

Because the WCJ erred in forcing the cancellation of Rebuttal Physician's deposition, Claimant requests that the portion of the WCJ's decision setting forth Claimant's diagnosis and terminating his benefits as of July 3, 2013 be vacated and the case remanded for additional hearings. Claimant further asserts that if any additional benefits are awarded to him, a 20% attorney fee should be paid to his present attorney, Larry Pitt and Associates, rather than his prior attorney, who was not involved in the litigation since December 2013.

## B. Analysis

Preliminarily, Employer contends this Court should quash or dismiss Claimant's appeal, or deem all issues waived because of various defects in Claimant's brief and his failure to develop his arguments in a meaningful fashion. We disagree. Claimant's arguments are readily discernible and are supported by citations to the Judges' Rules. As such, we are not precluded from conducting proper appellate review. See Russell v. Unemployment Comp. Bd. of Review, 812 A.2d 780 (Pa. Cmwlth. 2002) (this Court will consider the merits of a case where the defects in the brief do not preclude meaningful appellate review). Therefore, we address the merits of Claimant's appeal.

9

As to the merits, a WCJ's decision to waive any of the Judges' Rules is a matter committed to the WCJ's sound discretion. Atkins v. Workers' Comp. Appeal Bd. (Stapley in Germantown), 735 A.2d 196 (Pa. Cmwlth. 1999). In particular, evidentiary matters, including the taking and the admission of testimony and exhibits, fall within the discretion of the hearing body. Id. (citing Pa. Game Comm'n v. Dep't of Envtl. Res., 509 A.2d 877 (Pa. Cmwlth. 1986), aff'd, 555 A.2d 812 (Pa. 1986)). In short, the admission of evidence falls within the WCJ's discretion and will not be disturbed absent a showing of an abuse of that discretion. Id.

It is within the WCJ's discretion to control her docket by ordering the parties to proceed in a timely manner. McConnell. Here, the WCJ held the first hearing on April 23, 2013. The Judges' Rules require that the deposition of a medical expert testifying for the moving party be taken within 90 days of the first hearing unless the time is extended for good cause shown. 34 Pa. Code §131.63(b). At the August 2013 hearing in this case, the WCJ granted Claimant a 60-day extension to file a medical deposition. N.T., 8/27/13, at 4. The WCJ also noted Employer would have 90 days from Claimant's medical expert's deposition to take its own medical deposition. Id.

At the November 2013 hearing, the WCJ noted that Claimant's Physician cancelled her medical deposition scheduled for November 7, 2013. N.T., 11/26/13, at 3. The parties rescheduled that deposition for January 7, 2014. Id. The WCJ then relisted the final hearing for March 2014. Id.

10

On March 11, 2014, the WCJ held the fourth[3] and final hearing in the case. At the hearing, the WCJ noted a discussion off the record regarding Claimant's notice of a rebuttal deposition scheduled after the final hearing and Employer's objection to it. See N.T., 3/11/14 at 5; R.R. at 49a. Employer argued Claimant's Physician's testimony was fully sufficient. Id. Rebuttal Physician referred Claimant to Claimant's Physician, who reviewed Rebuttal Physician's records. Id. Therefore, Employer argued, Rebuttal Physician's testimony would be cumulative and expose Employer to another deposition fee without adding any new information. Id. In addition, Employer noted Claimant already received an extension to take Claimant's Physician's deposition. Id.

In response, Claimant argued he had the right to present the testimony of more than one medical witness. N.T., 3/11/14 at 6; R.R. at 50a. Further, Claimant asserted Employer would suffer no prejudice because it already reviewed Rebuttal Physician's records. Id. Claimant also remarked that little time would be lost because the deposition would take place in eight days. Id.

Ultimately, the WCJ determined Claimant did not have the time to take additional evidence. Id. The WCJ further determined Claimant's Physician's testimony was sufficient because she reviewed Rebuttal's Physician's records. N.T., 3/11/14 at 7; R.R. at 51a.

---

[3] The WCJ's decision references another hearing conducted on December 11, 2013, but there is no transcript for such a hearing in the certified record.

11

As noted above, the admission of evidence is committed to the sound discretion of the WCJ. <u>Coyne v. Workers' Comp. Appeal Bd. (Villanova Univ.)</u>, 942 A.2d 939 (Pa. Cmwlth. 2008); <u>Atkins</u>. The WCJ's duty is to resolve the claims before her in a fair and efficient manner. <u>Coyne</u>. Based on our review of the record, we discern no abuse of discretion in the WCJ's decision to deny Claimant's request to keep the record open in order for him to depose Rebuttal Physician.

First, the WCJ properly determined Claimant's deposition would have unreasonably delayed the disposition of the case. Section 131.63(c) of the Judges' Rules provides that a moving party depose its medical expert within 90 days of the first hearing. 34 Pa. Code §131.63(c). Here, the first hearing occurred on April 23, 2013. At the August 27, 2013 hearing four months later, the WCJ granted Claimant a 60-day extension to depose Claimant's Physician. However, Claimant's Physician canceled the scheduled November deposition and rescheduled it for January 7, 2014. At the November 2013 hearing this untimely rescheduling was acknowledged. Also, the WCJ advised the parties that the final hearing would be in early March 2014. <u>See</u> N.T., 11/16/13 at 3.

Section 131.63(c) of the Judges' Rules also provides that a responding party shall depose its medical expert within 90 days of the date of the deposition of the moving party's expert. Here, Employer timely deposed IME Physician on February 26, 2014, well within the 90-day period after the January 2014 deposition of Claimant's Physician.

12

Thereafter, without notice to the WCJ that he needed a rebuttal witness or an extension, and without agreement of opposing counsel, Claimant scheduled the deposition of Rebuttal Physician for March 19, 2014. Recognizing that nearly a year passed since the first hearing, the WCJ determined Claimant did not have the time to present additional evidence.

Claimant had ample time to depose Claimant's Physician and Rebuttal Physician; therefore, we conclude that the close of the record at the fourth hearing on March 11, 2014, consistent with the WCJ's announcement at the November 2013 hearing, did not violate Claimant's due process rights. City of Phila. v. Workers' Comp. Appeal Bd. (Rooney), 730 A.2d 1051 (Pa. Cmwlth. 1999). To that end, this litigation covered almost a year, including at least four hearings. During that time, Claimant received extensions to depose his medical expert. Given the WCJ's duty to resolve the case in a fair and efficient manner, the WCJ did not abuse her discretion in finding Claimant's deposition of Rebuttal Physician after the fourth hearing untimely. See Cipollini v. Workmen's Comp. Appeal Bd. (Phila. Elec. Co.), 647 A.2d 608 (Pa. Cmwlth. 1994) (WCJ did not err or abuse his discretion by closing the record and precluding a medical expert's deposition where the claimant disregarded the WCJ's instructions and failed to take the deposition over a nine-month period between hearings).

Moreover, as the WCJ noted, Employer's medical deposition already took place. Id. Therefore, Rebuttal Physician's testimony could result in the need for Employer to also take additional medical testimony. Id. This would further delay the case.

13

Second, the WCJ determined Claimant failed to offer any compelling reason why Claimant's Physician's testimony was not sufficient. N.T., 3/11/14, at 7; R.R. at 51a. The WCJ observed that Rebuttal Physician referred Claimant to Claimant's Physician. Id. In addition Claimant's Physician had Rebuttal Physician's records. Id.

Claimant argued that Rebuttal Physician was Claimant's treating physician, practiced a different specialty, and could testify as to Claimant's condition from the beginning. N.T., 3/11/14, at 7; R.R. at 51a. However, Claimant's Physician testified she reviewed Claimant's prior treatment records. See Dep. of Dr. Lam, 1/7/14, at 13-14; R.R. at 12a-13a. Given these circumstances, we see no abuse of discretion in the WCJ's determination that Claimant failed to offer any compelling reasons why Claimant's Physician's testimony was not sufficient. See Fremont Farms v. Workmen's Comp. Appeal Bd. (Phillips), 608 A.2d 603 (Pa. Cmwlth. 1992) (WCJ did not err or abuse his discretion by closing the record without taking employer's evidence regarding notice and the claimant's wages where employer had ample opportunity to present such evidence and knew the WCJ was about to close the record).

For these reasons, we detect no abuse of discretion by the WCJ in sustaining Employer's objection to Claimant's scheduled deposition and closing the record. Accordingly, we affirm the Board's order.

_____
ROBERT SIMPSON, Judge

Judge Brobson did not participate in the decision in this case.

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luis Martinez,                          :
                    Petitioner           :
                                         :
            v.                           :     No. 1575 C.D. 2015
                                         :
Workers' Compensation Appeal            :
Board (Roman Catholic Archdiocese       :
of Philadelphia),                        :
                    Respondent           :

# **O R D E R**

**AND NOW**, this 12th day of May, 2016, for the reasons stated in the foregoing opinion, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge