587 A.2d 391

**C & K COAL COMPANY, Petitioner**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ERNEST HIMES), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 23, 1990.

Decided Feb. 27, 1991.

---

Raymond F. Keisling, Will, Keisling, Ganassi & Schmitt, Carnegie, for petitioner.

J. Scott Lecki, Yablonski, Costello, Leckie & Chaban, Washington, for respondents.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

C & K Coal Company (employer) petitions for review of the order of the Workmen's Compensation Appeal Board (Board), dated January 8, 1990, which affirmed the referee's grant of benefits to Ernest Himes (Himes) for total disability incurred as a result of coal worker's pneumoconiosis. We affirm.

Himes was employed with various coal stripping companies from 1945 to 1985, and had worked as an underground miner from 1939 to 1941. He was last employed as a parts runner for the employer from 1973 to 1985, when he retired. On May 21, 1987, he filed this claim petition against the employer for compensation pursuant to The Pennsylvania Workmen's Compensation Act.[1]

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

Several hearings were held before a referee. At the final hearing held on April 19, 1988, counsel for Himes requested that the record be held open until he had had the opportunity to review medical records of Himes' most recent hospitalization, which request was granted. Counsel for the employer was also given the opportunity to respond to any additional evidence submitted by Himes. On June 22, 1988, counsel for Himes submitted proposed findings of fact. Thereafter, the record was closed on September 16, 1988. No additional evidence had been submitted after the final hearing of April 19, 1988. The referee found that Himes was totally disabled from coal worker's pneumoconiosis and awarded benefits.

The employer appealed to the Board, arguing that the referee's decision is not supported by sufficient, competent and credible evidence and that the referee erred by closing the record without receiving additional evidence by the employer. The Board rejected these arguments and affirmed the referee's decision.

The employer raises only the following question here:

Whether a referee may close a record without allowing the defendant-employer to complete their defense of the case when the last notation on the record was that the case was continued to hear from counsel for the claimant and a response by counsel for the defendant?

(Petitioner's brief, p. 10)

In support of its argument that the referee committed error, the employer states in its brief that:

The referee, in her decision, noted that at the hearing of April 19, 1988, the case was continued for the submission of the claimant's hospital records. The hospital records were never entered into evidence by claimant's counsel and counsel for the defendant was not advised that they would not be entered into evidence.... The record was prematurely closed and defendant-employer did not have an opportunity to submit the report of Dr. Cander, the hospital records and their two medical reports on the review of the records into evidence.

(Petitioner's brief, p. 10)

The record reveals that at the final hearing the following colloquy took place between the referee, counsel for Himes and counsel for the employer:

REFEREE MORRISON: ... Are you resting, Mr. Leckie?

MR. LECKIE (Himes' counsel): I would like to have an opportunity to obtain the transcript of his last hospitalization before I rest. However, that is the only other thing that I anticipate needing at this time.

REFEREE MORRISON: Okay. You will do that by mail?

MR. LECKIE: Yes.

(N.T., pp. 2–3)

After hearing the testimony of a witness for the employer, counsel for the employer requested the following:

MR. MCCLOSKEY (employer's counsel): I have no further evidence to present today and I would like the opportunity to respond to any additional evidence submitted by claimant's counsel.

REFEREE MORRISON: Okay. That will be granted. I will not be rescheduling the case for hearing unless it becomes necessary by either party. You'll have to notify me if you require a hearing and you can submit your exhibits by mail and any comments.

(N.T., p. 9)

Clearly, counsel for Himes only asked for the opportunity to obtain the transcript of Himes' last hospitalization before he rested, and counsel for the employer specifically stated that he had no further evidence to submit and that he wanted to respond to any additional evidence submitted by Himes. The referee granted the requests and stated that she would not schedule a hearing "unless it becomes necessary by either party. You'll have to notify me if you require a hearing and you can submit your exhibits by mail and any comments." At no time from the date of the final hearing until the date of the referee's decision did either

party request another hearing or submit any exhibits or comments as was authorized by the referee.

The employer now complains that it had no opportunity to submit the report of Dr. Cander, which it had attempted to introduce into evidence at the hearing held on December 15, 1987, but which was objected to by Himes and was excluded. The record reveals that counsel for Himes withdrew his objection to the introduction of this report by letter dated June 9, 1988, which was addressed to counsel for the employer. (Counsel for the employer contends that he never received this letter.) The record neither reveals nor does the employer's brief indicate who Dr. Cander is or to what he/she would testify. The record does establish that Dr. Scott, a Board-certified physician in pulmonary and internal medicine, testified on behalf of the employer and concluded that Himes did not have pneumoconiosis and expressed that Himes' disability was caused by chronic asthmatic bronchitis and pulmonary emphysema. Counsel for the employer does not indicate what the contents of Dr. Cander's report is and whether it would be different from the testimony of Dr. Scott, supplemental to it, or merely cumulative.

In *Essi International, Inc. and Federal Insurance Company v. Workmen's Compensation Appeal Board (Bowman)*, 132 Pa.Commonwealth Ct. 573, 573 A.2d 677 (1990), this Court vacated the Board's affirmance of a referee's decision to award benefits to the claimant and remanded the matter because we determined that the record was prematurely closed before either side had concluded its case. We addressed the fact that both parties had agreed that a continuance would be necessary although the final hearing was already scheduled, and found that the referee's decision to close the record before either party had rested (claimant's counsel did not appear at the final hearing) resulted in a decision based on an incomplete and tainted record which by its very nature could not yield competent evidence. As we stated, "the interests of justice and a fair resolution of

claims preclude a premature closing of the record." 132 Pa.Commonwealth Ct. at 576, 573 A.2d at 678.

However, in the present case we do not find that an unjust or unfair result occurred. It is clear that there was no premature closure of the record here. The above quoted colloquy between both counsel and the referee gives no indication that counsel for Himes was required to present additional evidence or that the employer was so required; both were given the opportunity to do so. Due diligence dictates that, in view of the referee's instructions on the record to both parties, contact could and should have been made within the five month period from the date of the final hearing to the date on which the record was closed, by either party, if they desired to submit additional evidence or wanted a further hearing; neither did so. The failure of either party to make an attempt to offer whatever evidence it felt was necessary to be considered during that time period will not compel a remand at this late stage.

Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, and whether all necessary findings of fact are supported by substantial evidence. *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Co.)*, 132 Pa.Commonwealth Ct. 292, 572 A.2d 845 (1990).

Upon review of the entire record and in response to the only question raised by the employer in this appeal, we find that no error of law was committed, no constitutional rights were violated, and the findings of the referee are supported by substantial evidence.

## ORDER

AND NOW, this 27th day of February, 1991, the order of the Workmen's Compensation Appeal Board, dated January 8, 1990, is affirmed.