**US AIRWAYS and Reliance National c/o Sedgwick Claims Management Services, Petitioners,**

v.

**WORKERS' COMPENSATION AP-PEAL BOARD (McCON-NELL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 21, 2005.

Decided March 17, 2005.

Kimberly A. Zabroski, Pittsburgh, for petitioners.

Peter D. Friday, Pittsburgh, for respondent.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

US Airways (Employer) and Reliance National c/o Sedgwick Claims Manage-

---

**4.** In light of our disposition, we need not reach the District's remaining arguments.

ment Services, Employer's workers' compensation insurance carrier, petition for review of an order of the Workers' Compensation Appeal Board (Board) that, although affirming the Workers' Compensation Judge's (WCJ) decision to dismiss Linda McConnell's (Claimant) Claim Petitions for lack of prosecution, deleted the words "with prejudice" from the WCJ's Order.

Claimant worked for Employer as a flight attendant since 1968 on International Flight duty. On January 3, 2002 and September 3, 2002, Claimant mailed three Claim Petitions (Claim Petitions # 1, # 2, and # 3) to the Bureau of Workers' Compensation. These Claim Petitions concerned Claimant's alleged injuries that took place on June 17, 1999, July 12, 2001 and August 1, 2001, respectively, each involving multiple body parts.

The first hearing was held on February 21, 2002 and the WCJ stated in his adjudication that it concerned Claim Petition # 1. Claimant appeared by telephone and gave brief testimony. She testified that, on July 12, 2001, she suffered neck pain and a back injury with pain radiating into her legs,[1] which she attributed to moving a paraplegic passenger with the help of another flight attendant, because a flight wheelchair appeared to be broken. Due to telephone problems, this hearing was continued for 90–120 days. The parties agreed that Claimant's testimony would be completed by deposition within approximately 60 days of the February 21, 2002 hearing. Claimant's counsel also indicated a plan to file two additional claim petitions (Claim Petitions # 4 and # 5). The WCJ authorized Employer's counsel to schedule an independent medical examination (IME) of Claimant about 45 days after the completion of Claimant's continued testimony. No objections were raised and no other evidence was presented.

At the next hearing, held on June 13, 2002, Claimant's counsel indicated that Claimant was deposed on June 7, 2002. He stated that he planned to obtain another medical report from a doctor in Virginia and that this deposition would be taken "in due course." (Finding of Fact (FOF) ¶ 5.) Employer's counsel complained at this hearing about "the lack of a clear medical report certifying an opinion of a causal relationship of the alleged injuries to the claimant's work." *Id.* Thereafter, the WCJ issued a warning to Claimant's counsel of the "possible dismissal" of her Claim Petitions if appropriate medical records or a report were not filed of record by the next hearing in approximately 90 days. (FOF ¶ 5.) At this hearing, no evidence was filed of record and Employer was given permission to delay the IME, if needed, due to the lack of sufficient medical records.

On August 13, 2002, a hearing was held regarding Claim Petitions # 1, # 2, and # 3. No evidence was presented and a continuance was requested. Claimant's counsel requested that Claim Petitions # 2 and # 3 be withdrawn and there was no objection by Employer.

On September 24, 2002, the WCJ ordered Claim Petitions # 2 and # 3 withdrawn and Claim Petitions # 4 and # 5 were filed and consolidated with the original Claim Petition # 1. At this hearing, each side presented various exhibits that were admitted into evidence. (FOF ¶ 8.) Employer's counsel announced its intention to have Claimant attend an IME in Pittsburgh on or about November 6, 2002,

---

1. We note that this concerns Claim Petition # 2. The record is not clear on whether Claim Petitions # 1, # 2 and # 3 were at issue at the February 21st hearing; however, it is irrelevant to our disposition of this case.

an arrangement that Claimant's counsel stated was satisfactory. (FOF ¶ 9.)

Claimant did not attend the scheduled IME in November 2002, despite the fact that her counsel had found that date to be satisfactory. The examination was rescheduled for January 15, 2003, but Employer's counsel was informed by Claimant's counsel that Claimant would not be able to attend the examination. The IME was, again, rescheduled for January 27, 2003 to accommodate Claimant by allowing her to travel to and from Pittsburgh on the same day. (FOF ¶ 10.)

The last hearing was held on January 9, 2003. At this hearing, neither party filed additional evidence of record. However, Claimant's counsel informed the WCJ for the first time that he "hoped to clear the January 27, 2003[IME] exam date" with Claimant, who had difficulty traveling because she needed a hip replacement. (FOF ¶ 11.) The WCJ gave Claimant's counsel a *second warning* that the Claim Petitions "might be dismissed" for failure to prosecute if she failed to attend the "needed" IME. (FOF ¶ 12.)

By letter dated January 27, 2003, Employer's counsel informed the WCJ that Claimant *did not attend any* of the scheduled IMEs. The WCJ then sent a letter dated January 29, 2003 to Claimant's Counsel asking him whether Claimant had, in fact, attended the January scheduled IMEs, and to show cause why the Claim Petitions should not be dismissed for failure to prosecute pursuant to the WCJ Special Rules and his Bench Order. (1/29/03 Letter from WCJ.)

By letter dated January 29, 2003, Claimant's counsel responded to Employer's January 27th letter by writing to the WCJ and requesting, for the first time, that Claimant's IME be postponed until after her planned hip replacement surgery. (1/29/03 Letter from Claimant's Counsel.)

There is no response in the record from Claimant's counsel to the WCJ's letter of January 29, 2003. The WCJ cancelled the April 8, 2003 hearing due to Claimant's failure to attend any of the scheduled IMEs.

The WCJ, in his adjudication dismissing the Claim Petitions with prejudice, made the following finding:

This Judge finds it unreasonable that the claimant failed to attend several scheduled [IME's], although claimant's counsel had originally agreed that she would attend the scheduled exams. This Judge also finds it to be *prejudicial* to [Employer] to have the exam held after [Claimant's] surgery, due to the extensive time delay after the filing of the petitions, and the expected change of circumstances of the claimant. This Judge believes and finds that [Employer has] gone to considerable expense to schedule exams and [has] incurred cancellation fees of several exams and yet the claimant failed to attend them, although her counselors originally agreed to the scheduled exams and in spite of special accommodations made originally for claimant's travel schedule to be able to go to Pittsburgh for the exam and return on the same day. The claimant also failed to comply with scheduling orders by the Judge to attend an [IME]. The claimant's excuse is not satisfactory and did not explain why she couldn't travel prior to the planned surgery. It is also not clear whether the hip surgery was related to the alleged injuries or not. Due warnings were given to the claimant prior to deciding that the petitions should be dismissed for a failure to timely prosecute them.

(FOF ¶ 15)(emphasis added). The WCJ then ordered that Claimant's remaining Claim Petitions # 1, # 4 and # 5 be dismissed *with prejudice* for failure to prose-

cute. The WCJ held that Claimant violated WCJ Special Rule 131.13(m)(1), 34 Pa. Code § 131.13(m)(1),[2] by failing to meet the conditions upon which the continuances had been premised. He also found that she had failed to engage in expeditious resolution of her case, thus, violating WCJ Special Rule 131.53(c) and (f), 34 Pa.Code § 131.53(c), (f).[3] He further found that Claimant did not meet scheduling dates, as established in Bench Orders, and that her counsel had promised that she would attend scheduled IMEs. The WCJ, then, concluded that he possessed the requisite authority to dismiss the petitions because:

> [W]here the WCJ has consistently followed the time requirements that he or she has established for the litigation, the close of record to the prejudice of a party will not be considered reversible error. *See, Bachman Co. v. W.C.A.B. (Spence)*, 683 A.2d 1305 (Pa.Cmwlth. 1996); *Fremont Farms v. W.C.A.B. (Phillips)*, 147 Pa.Cmwlth. 467, 608 A.2d 603 (1992); *C & K Coal Co. v. W.C.A.B. (Himes)*, 138 Pa.Cmwlth. 198, 587 A.2d 391 (1991), *appeal denied*, 529 Pa. 625, 600 A.2d 540 (1991).

(Conclusion of Law (COL) ¶ 2.)

Claimant appealed the WCJ's order to the Board, which affirmed the dismissal of Claimant's Claim Petitions for failure to prosecute. The Board reasoned that the WCJ did not abuse his discretion in dismissing the petitions because Claimant failed to attend any of the scheduled IMEs, contrary to the directive of the WCJ. It noted, however, that the WCJ dismissed all three petitions "with prejudice," and went on to state:

> We fail to see how the Defendant is prejudiced in any of the Petitions before the Statute of Limitations expires. That is, the three year Statute of Limitations protects the [Employer] from stale claims. We, therefore, will amend the WCJ's Decision to delete the "with prejudice" aspect of the Order.

(Bd. Op. at 5.)

■ Employer now appeals to this Court.[4] It argues that the Board committed an error of law in modifying the WCJ's Order by deleting the words "with prejudice" after specifically noting that: 1) the WCJ did not abuse his discretion in dismissing the Claim Petitions; 2) the WCJ specifically *found prejudice* to Employer if the Claim Petitions were not dismissed (FOF ¶ 15); and, 3) Claimant continuously disregarded the WCJ's imposed deadlines for presenting her case. Employer contends that the Board disregarded the WCJ's finding of *actual prejudice*, due to the extensive time delay after the filing of

---

2. This Section states, in pertinent part:
   (m) In addition to the conditions and actions referred to in subsection (*l*), the judge may:
   (1) Determine why the proceeding should not be dismissed for lack of prosecution or grant the relief sought without the receipt of further evidence or testimony upon the making of appropriate findings of fact.
   34 Pa.Code § 131.13(m)(1).

3. These Sections state, in pertinent part:
   (c) The judge may issue an order directing the parties to proceed with the litigation in a manner that promotes expeditious resolution and avoids delay.

. . . .
   (f) Dates of the medical examinations, if not scheduled prior to the first hearing actually held, shall be scheduled within 45 days after the first hearing actually held.
   34 Pa.Code § 131.53(c), (f).

4. On appeal, our review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law has been made, or whether constitutional rights have been violated. *The Bachman Company v. Workmen's Compensation Appeal Bd. (Spence)*, 683 A.2d 1305, 1310 n. 12 (Pa.Cmwlth.1996).

the claim petitions and the expected change of Claimant's circumstances post-operatively, when it stated that "[the WCJ] noted the *potential prejudice* to Defendant due to the extensive time delay after filing her Petitions and the expected change of circumstances of Claimant." (Bd. Op. at 4)(emphasis added).

Employer cites *Cipollini v. Workmen's Compensation Appeal Bd. (Philadelphia Electric Co.)*, 167 Pa.Cmwlth. 25, 647 A.2d 608 (1994), *petition for allowance of appeal denied*, 540 Pa. 605, 655 A.2d 992 (1994), for support. In *Cipollini*, the claimant testified before a referee (now WCJ) and requested continuances at five subsequent hearings in order to depose her fact witness and medical expert. The referee denied all of employer's objections to the continuances. However, the referee warned, at the fifth request for a continuance, that the record would be closed if the claimant did not take action within the next sixty days. The claimant did not act within sixty days and the referee advised counsel that the claimant's case would be closed at the next hearing. The referee concluded that the claimant failed to submit any medical evidence establishing that she suffered a work-related injury and her claim petition would be marked "withdrawn with prejudice for failure to prosecute." The claimant appealed and argued that the record showed no prejudice to the employer and that, absent a finding of prejudice, the Board erred in affirming the referee's decision to mark her case "withdrawn with prejudice." On appeal to this

Court, we relied on *Fremont Farms v. Workmen's Compensation Appeal Bd. (Phillips)*, 147 Pa.Cmwlth. 467, 608 A.2d 603 (1992),[5] and held that:

> [T]he referee accommodated [the claimant] by continuing the case several times to allow [her counsel] to depose its witnesses; however, in the almost 9 months which elapsed from the time of the [first hearing] until the [last hearing, the claimant] failed to take those depositions. In fact, [the claimant] never even scheduled the deposition of its medical witness even though the referee specifically warned [her counsel] that the record would be closed ... [T]he referee provided her with ample opportunities to present her case. Her current misfortune resulted solely from her counsel's failure to act on these opportunities.

*Cipollini*, 647 A.2d at 611. We concluded that the referee did not err when he closed the claimant's case "with prejudice" because he based his decision on the claimant's continued disregard for the deadlines imposed by him, coupled with the employer's objections to the claimant's request to have her petition withdrawn without prejudice so that she could later re-file. *Id.*

■ Employer argues that the Board erred in deleting "without prejudice" from the WCJ's dismissal order because, as in *Cipollini*, the WCJ here based his decision to close the record on Claimant's disregard of the deadlines imposed in his Bench Order. Moreover, Employer emphasizes that the WCJ *made a finding*[6] that Em-

---

5. In *Fremont Farms*, we determined that a referee properly closed the record, which precluded the employer from offering additional evidence, where the employer failed to produce, or even arrange to produce, medical evidence within the deadlines imposed by the referee. Because the employer had ample opportunity to present its evidence, it never indicated to the referee that it wished to present testimony on the issue of notice, and the

referee had explicitly warned the employer that the record would be closed.

6. The WCJ is the ultimate finder of fact unless the Board takes additional evidence. *Taulton v. Workers' Compensation Appeal Bd. (USX Corp.)*, 713 A.2d 142 (Pa.Cmwlth.1998). Thus, the authority of the WCJ over questions of credibility and evidentiary weight is beyond question. *Sherrod v. Workmen's Compensa-*

ployer would have been prejudiced had Claimant been permitted to simply re-file her petition. (FOF ¶ 15.) We agree with Employer's argument.

 The Board focused on the *"potential* prejudice" of the statute of limitations; but, the WCJ's specific *finding* of "prejudice" was premised upon the passage of time since the filing of the original petitions and the difficulty of proving work-related causation, given Claimant's imminent hip-replacement surgery. Hence, the potential running of the statute of limitations was not the basis for the WCJ's finding of prejudice. The WCJ's findings of prejudice are supported by the record. Moreover, the WCJ did not abuse his discretion in dismissing the petitions with prejudice when Claimant, after receiving two warnings, and a request to show cause why the petitions should not be dismissed, failed to comply with the deadlines imposed by the WCJ or to respond. *See City of Philadelphia v. Workers' Compensation Appeal Bd. (Rooney),* 730 A.2d 1051 (Pa.Cmwlth.1999). In addition, Claimant violated WCJ Special Rules 131.13 and 131.53, 34 Pa.Code §§ 131.13 and 131.53, by not complying with the WCJ's deadlines, orders and warnings.

Thus, because the WCJ properly found that the ongoing delay caused by Claimant was prejudicial to Employer, and because it is within the WCJ's discretion to control his docket by ordering parties to comply with litigation in a timely manner,[7] we hold that the Board erred in ordering the deletion of the words "with prejudice" from the WCJ's order.[8]

Based on the foregoing opinion, we reverse the order of the Board to the extent it deleted the words "with prejudice" from the WCJ's order.

### *ORDER*

**NOW,** March 17, 2005, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby RE-VERSED to the extent it deleted the words "with prejudice" from the order of the Workers' Compensation Judge.

---

*tion Appeal Bd. (Thoroughgood, Inc.),* 666 A.2d 383 (Pa.Cmwlth.1995).

7. *See Sharkey v. Workers' Compensation Appeal Bd. (Tempo, Inc.),* 739 A.2d 641, 644 and n. 4 (Pa.Cmwlth.1999), *petition for allowance of appeal denied,* 568 Pa. 674, 795 A.2d 983 (2000), where we stated that a letter from a WCJ directing the parties to proceed with submission of all evidence and briefs by April 26, 1995, "was simply a method of docket control to keep the case moving...." Because we believe the WCJ has such authority, we reject Claimant's argument that, where a

claimant does not report for an examination, the *only* remedy is for the employer to petition the WCJ to enter an order compelling the claimant to undergo the examination.

8. Claimant argues in her brief that the WCJ erred in dismissing her claim, regardless of the "with prejudice" language, because the proper penalty under the Act is a suspension of benefits. Because Claimant did not cross appeal, this issue is not before us and we need not address it.