# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Northtec, LLC and American : 
Zurich Insurance Company, : 
          Petitioners : 
           : 
         v. : 
           : 
Workers' Compensation Appeal : 
Board (Skaria), :   No. 2488 C.D. 2015
         Respondent :   Submitted: May 13, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION BY
JUDGE COVEY                        FILED: September 14, 2016


      Northtec, LLC and American Insurance Company[1] (collectively, Employer) petition this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) November 6, 2015 order which modified the Workers' Compensation Judge's (WCJ) decision dismissing Kurian T. Skaria's (Claimant) claim petition (Petition) *with* prejudice to dismissing the Petition *without* prejudice. Employer presents two issues for this Court's review: (1) whether the Board erred by determining that Claimant's delay in obtaining an expert opinion was due to circumstances beyond his control; and (2) whether the Board erred by not considering Employer's ability to defend the claim. After review, we affirm.

      On November 25, 2013, Claimant filed a claim petition and a penalty petition seeking total disability benefits due to a May 16, 2012 work injury described as: interstitial lung disease, chronic inhalation injury, hypersensitivity, lung disease,

---

     [1] American Insurance Company is Northtec, LLC's workers' compensation insurance carrier.

eosinophilic lung disease, and interstitial pneumonitis. The petitions were assigned to a WCJ. At the final hearing on July 23, 2014, Claimant's counsel withdrew both petitions. In a July 31, 2014 decision, the WCJ marked the petitions withdrawn without prejudice, and noted in the decision that Claimant had not submitted any evidence.

On August 19, 2014, Claimant filed the Petition, again seeking total disability benefits as of May 16, 2012. WCJ hearings were conducted. At the October 7, 2014 hearing, Claimant's counsel submitted into evidence Claimant's March 24, 2014 deposition testimony, and the WCJ scheduled the next hearing within 90 days thereafter for Claimant to present his medical evidence. At the January 13, 2015 hearing, Claimant's counsel stated that Claimant's medical expert had not yet been scheduled, and requested that the Petition be withdrawn without prejudice. Employer's counsel asserted in her letter brief to the WCJ that Employer had been prepared to present fact witnesses on the issue of injury notice before the former WCJ, but both witnesses have since left Employer's employment.

The WCJ determined that Employer would be prejudiced if Claimant was afforded an opportunity to file another petition. The WCJ concluded that, given the nature of the allegations of the occupational disease, Claimant would have to provide a medical expert's deposition to prove causation. However, despite Claimant's 2013 and 2014 claims alleging a May 16, 2012 injury, Claimant still had not scheduled his medical expert's deposition. The WCJ further found as a fact that Employer's witnesses are no longer readily available for Employer's defense. Thus, the WCJ dismissed Claimant's Petition *with* prejudice. Claimant appealed to the Board. The Board determined that Claimant's delay in obtaining an expert opinion was due to circumstances beyond his control. Relying on *Wagner v. Workers' Compensation Appeal Board (Ty Construction Co. Inc.),* 83 A.3d 1095 (Pa. Cmwlth.

2

2014)*, the Board modified the WCJ's order by dismissing the Petition *without prejudice*. Employer appealed to this Court.[2]

Initially, "we keep in mind that the Workers' Compensation Act[3] is remedial in nature and intended to benefit the worker, and, thus, should be construed liberally to effectuate its humanitarian objectives." *Sch. Dist. of Phila. v. Workers' Comp. Appeal Bd. (Hilton),* 117 A.3d 232, 241-42 (Pa. 2015).

In *Wagner,*

> [the c]laimant's counsel encountered an unforeseen hurdle when he learned in July 2011 that [the c]laimant's treating oncologist would not participate in litigation in any way. [The c]laimant was given one month to schedule a medical deposition, which was a tight schedule, considering that [the c]laimant had, first, to find a new expert, who cannot be expected to author a reliable medical report overnight.
>
> The WCJ's sole factual finding to support his dismissal was that [the c]laimant did not abide by the WCJ's order to have a medical deposition by August 19, 2011. This finding is inconsistent with the record. The WCJ seems to have forgotten that he extended this deadline to September 24, 2011, and he overlooked [the e]mployer's acknowledgement that [the c]laimant's medical report met that deadline. The WCJ also overlooked the fact that [the c]laimant had arranged for the deposition of his expert for October 2, 2011. That deposition did not take place only because [*the e*]*mployer requested* a continuance. In fact, the deposition had to be delayed for three months while the parties waited for [the e]mployer's physician to produce an [independent medical examination (]IME[)] report. [The c]laimant's counsel told the WCJ that he was working diligently to reschedule the deposition of [the c]laimant's expert, and [the e]mployer did not dispute this representation of [the c]laimant's efforts.

---

[2] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

[3] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1-1041.4, 2501-2708.

*Id.* at 1100. Based on the foregoing, the *Wagner* Court opined: "[The c]laimant's counsel attempted to reschedule the deposition of his medical expert, a point conceded by [the e]mployer. . . . Given the lack of any prejudice to [the e]mployer, we hold that the WCJ abused his discretion by dismissing the claim petition." *Id.* at 1101.

Employer first argues that the Board erred by determining that Claimant's delay in obtaining an expert opinion was due to circumstances beyond his control. Specifically, Employer contends that although the WCJ gave Claimant 90 days to schedule and complete Dr. Alonzo's[4] deposition, at the January 15, 2015 hearing, Claimant did not produce the medical evidence needed to support his claim.

Here, as in *Wagner,* the WCJ and Employer overlook the reason that Claimant failed to obtain Dr. Alonzo's deposition. Quoting from Claimant's brief, the Board acknowledged:[5]

> Here, **a good faith effort was made to advance the case** and to obtain the opinions of Claimant's medical expert to substantiate the allegations contained within the [] Petition. However, **Claimant's medical expert advised that Claimant needed to undergo an invasive procedure to further refine his causal opinions.**[6] Rather than delay the trial schedule, Claimant's counsel motioned to withdraw the [] Petition without prejudice.
>
> (Claimant's Brief to the Board, p. 3).

Board Dec. at 4 (emphasis added). Based on the above, the Board concluded:

---

[4] A review of the record does not reveal the doctor's full name.
[5] Employer acknowledged herein the statements the Board quoted from Claimant's brief. *See* Employer Br. at 6, 11.
[6] "Claimant notes that the testing was not just invasive in nature; it could have been life-threatening and Claimant's hope was to gain some time in an effort to prove causation without putting his life at further risk." Claimant Br. at 5. Because there is no record of the January 15, 2015 hearing and the briefs to the Board are not included in the certified record, this Court cannot determine whether the quoted assertion was before the WCJ when he made his determination.

4

> Under these circumstances, although a dismissal of the []
> Petition pursuant to Claimant's request to withdraw that
> Petition is supported, a dismissal *with prejudice* is not. As
> in Wagner[,] Claimant's ability to schedule medical
> testimony was delayed by circumstances that were not
> under his control. Claimant's counsel then withdrew th[e]
> Petition rather than delay the proceedings any further. We
> don't believe Claimant should be punished for the acts of a
> third party expert[,] and that some flexibility should be
> allowed. Therefore, we believe it is necessary to modify the
> [WCJ's] Decision to dismiss the [] Petition without
> prejudice.

Board Dec. at 4. We discern no error in the Board's conclusion. Accordingly, we hold that the Board did not err in determining that Claimant's delay in obtaining an expert opinion was due to circumstances beyond his control.

Employer next argues that the Board erred by not considering Employer's ability to defend the claim. Specifically, Employer contends that the Board should have considered the fact that its two injury notice witnesses no longer work for Employer.[7] Employer cites *US Airways v. Workers' Compensation Appeal Board (McConnell)*, 870 A.2d 418 (Pa. Cmwlth. 2005) and *Cipollini v. Workmen's Compensation Appeal Board (Philadelphia Electric Co.),* 647 A.2d 608 (Pa. Cmwlth. 1994), to support its position.

Here, the WCJ found:

> 6. [Employer's] counsel indicates in her letter brief that
> notice of the alleged injury is at issue. She was prepared to
> present fact witnesses on the issue before [the first WCJ].
> She notes that both fact witnesses have since left Employer.

> 7. This [WCJ] finds that [Employer] would be prejudiced if
> Claimant was permitted another opportunity to file his []
> Petition. This [WCJ] finds that despite filing his [] Petition

---

[7] "Claimant identified two people he purportedly told he was leaving work. One of those witnesses resigned his position with [E]mployer. In addition, the human resource manager who handled [C]laimant's leave in May 2012 had also left. As a result, [Employer] lost the opportunity to present their testimony." Employer Br. at 13.

for the first time on November 25, 2013, alleging a May 16, 2012 injury, that Claimant has not scheduled his medical expert's deposition. Significantly, given the nature of the allegations of the occupational disease Claimant would have to provide a medical expert's deposition and not medical reports in order to prove causation. This WCJ further finds that [Employer's] witnesses are no longer readily available to [Employer].

WCJ Dec. at 3-4. Based thereon, the WCJ concluded: "Claimant's [] Petition shall be dismissed with prejudice, as there would be prejudice to [Employer] if Claimant was permitted a third opportunity to file the [P]etition." *Id.* at 4. The Board did not address the WCJ's finding of prejudice to Employer.

In *US Airways,*

[t]he WCJ, in his adjudication dismissing the [c]laim [p]etitions with prejudice, made the following finding:

This [WCJ] finds it unreasonable that **the claimant failed to attend several scheduled [IMEs]**, although claimant's counsel had originally agreed that she would attend the scheduled exams. This [WCJ] also finds it to be *prejudicial* to [**the employer**] **to have the exam held after** [**the claimant's**] **surgery, due to the extensive time delay** after the filing of the petitions, and the expected change of circumstances of the claimant. This [WCJ] believes and finds that [the e]mployer has[] gone to considerable expense to schedule exams and [has] incurred cancellation fees of several exams and yet the claimant failed to attend them, although her counselors originally agreed to the scheduled exams and in spite of special accommodations made originally for claimant's travel schedule to be able to go to Pittsburgh for the exam and return on the same day. **The claimant also failed to comply with scheduling orders** by the [WCJ] to attend an [IME]. **The claimant's excuse is not satisfactory** and did not explain why she couldn't travel prior to the planned surgery. It is also not clear whether the hip surgery was related to the alleged injuries or not. **Due warnings were given to the**

6

> > **claimant prior to deciding that the petitions should be dismissed for a failure to timely prosecute them**.
>
> > (FOF ¶ 15) (emphasis added).

*Id.* at 420 (bold emphasis added). Based thereon, the *US Airways* WCJ ordered the claimant's petitions dismissed with prejudice. The claimant appealed and the Board modified the WCJ's decision by ordering that the claimant's petitions be dismissed without prejudice. The employer appealed to this Court, which concluded:

> [**T**]**he WCJ's specific *finding* of 'prejudice' was premised upon the passage of time since the filing of the original petitions and the difficulty of proving work-related causation, given** [**the c**]**laimant's imminent hip-replacement surgery**. . . . The WCJ's findings of prejudice are supported by the record. Moreover, the WCJ did not abuse his discretion in dismissing the petitions with prejudice when [**the c**]**laimant, after receiving two warnings, and a request to show cause why the petitions should not be dismissed, failed to comply with the deadlines imposed by the WCJ or to respond**. In addition, Claimant violated WCJ Special Rules 131.13 and 131.53, 34 Pa. Code §§ 131.13 and 131.53, by not complying with the WCJ's deadlines, orders and warnings.

*Id.* at 423 (citation omitted; bold emphasis added). The *US Airways* Court held:

> [B]ecause the WCJ properly found that **the ongoing delay caused by** [**the c**]**laimant was prejudicial to** [**the e**]**mployer, and because it is within the WCJ's discretion to control his docket by ordering parties to comply with litigation in a timely manner**, we hold that the Board erred in ordering the deletion of the words 'with prejudice' from the WCJ's order.

*Id.* (footnote omitted; emphasis added).

> The facts in *Cipollini* are as follows:

> On February 18, 1992, [the claimant] testified before a referee. At [the claimant's] request, the referee then continued the hearing for 90 days to enable [the claimant's] counsel to depose [the claimant's] fact witness and medical expert. Subsequent hearings, scheduled for May 28, 1992

7

and June 25, 1992, also were continued at [the claimant's] request as counsel for [the claimant] was attached for trial. During a conference call on June 24, 1992, the referee granted [the claimant] another 45[-]day continuance to submit the deposition transcript of her fact witness and to schedule the deposition of her medical expert. At an August 11, 1992 hearing, [the claimant's] counsel represented that he had been unable to take any depositions and requested a further continuance. **Over [the employer's] objections, the referee granted [the claimant] one final continuance for 60 days; however, the referee indicated that after that period, the record would be closed as to [the claimant]**. The next hearing was scheduled for November 17, 1992. [**The claimant**] **did not act within the 60[-]day period imposed by the referee**; rather, on October 15, 1992, [the claimant's] counsel first attempted to schedule the deposition of a fact witness. [The employer] objected to [the claimant's] scheduling of the deposition more than 60 days after the August 11, 1992 hearing. During another conference call on November 5, 1992, **the referee sustained [the employer's] objections and advised counsel that [the claimant's] case would be closed at the November 17, 1992 hearing**. By letter dated November 10, 1992, [the claimant] requested that her petition be marked withdrawn without prejudice. Also by letter dated November 10, 1992, [the employer] objected to the petition being marked withdrawn without prejudice.

Based on his findings, the referee concluded that (1) [the claimant] failed to submit any medical evidence establishing that she suffered a disabling work-related injury on February 15, 1991 and (2) [the claimant's] claim petition should be marked withdrawn with prejudice for failure to prosecute.

*Id.* at 608-09 (footnote omitted; emphasis added). The *Cipollini* claimant appealed to the Board, and the Board affirmed the referee's decision. The claimant appealed to this Court, which concluded:

[T]he referee accommodated [the claimant] by continuing the case several times to allow [the claimant's] counsel to depose its [sic] witnesses; however, in the almost 9 months which elapsed from the time of the February 18, 1992

8

> hearing until the November 17, 1992 hearing, [the claimant] failed to take those depositions. In fact, [the claimant] never even scheduled the deposition of its [sic] medical witness even though the referee specifically warned him [sic] that the record would be closed.

*Id.* at 611. The *Cipollini* Court further held:

> **The referee based his decision to close the record and dismiss the case on [the claimant's] continued disregard for the deadlines imposed by the referee coupled with [the employer's] objections to [the claimant's] request to withdraw her petition without prejudice** so that she could refile her claim. Under the circumstances here, we cannot conclude that the referee erred and, accordingly, we affirm.

*Id.* (emphasis added).

The facts in *US Airways* and *Cipollini* are distinguishable from the case *sub judice*. In both of those cases, the claimants failed to comply with specific deadlines established by the WCJ/referee, the claimants were expressly warned that their claims would be dismissed or the record closed if their inaction persisted, and claimants' employers were prejudiced. Finally, neither of those claimants presented any cause for their failure to comply with the established deadlines. Accordingly, we hold that *US Airways* and *Cipollini* are inapposite in deciding the instant matter.

Although case law appears to imply that prejudice to Employer is grounds for a dismissal with prejudice, *see US Airways*; *Cipollini*, we hold that since whatever prejudice Employer faced due to Claimant withdrawing the Petition in the instant case[8] was not the result of Claimant's disregard of a WCJ's deadlines or

---

[8] This Court notes that the prejudice alleged by Employer, i.e., the two witnesses who left Employer's employ, appear to be the result of the original petitions being withdrawn, rather than the instant Petition's withdraw. The witnesses were available to testify before the former WCJ, but had left by the time Employer drafted its brief to the Board in the instant case. In fact, in its brief herein, Employer stated that it was "ready to present a single witness because in the interim, two of its witnesses left the employ of [Employer]." Employer Br. at 6. More importantly, "[u]pon written or electronic request of a party or counsel of record in a pending proceeding, the [WCJ] will issue a subpoena to compel the attendance of a witness[.]" Section 131.81 of the Bureau's Regulations, 34 Pa.Code § 131.81. Thus, notwithstanding the fact that the witnesses had left Employer's employ, Employer can request the WCJ to subpoena them to testify.

orders, a dismissal with prejudice is not warranted. Accordingly, we agree with the Board that, given the circumstances, Claimant's request for withdrawal of his Petition was reasonable, and he should not be punished for taking such action.

     For all of the above reasons, the Board's order is affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Northtec, LLC and American : 
Zurich Insurance Company, : 
     Petitioners : 
      : 
   v. : 
      : 
Workers' Compensation Appeal : 
Board (Skaria), :  No. 2488 C.D. 2015
     Respondent : 

## O R D E R

AND NOW, this 14th day of September, 2016, the Workers' Compensation Appeal Board's November 6, 2015 order is affirmed.

_____
ANNE E. COVEY, Judge