IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Impress Manufacturing, :  
                  Petitioner :  
                                 :  
                v. : Nos. 492 C.D. 2022
                                 :      493 C.D. 2022
Jomar Rosa-Acosta (Workers' : Submitted: April 3, 2023
Compensation Appeal Board), :  
                 Respondent : CASES CONSOLIDATED

BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE LORI A. DUMAS, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                         FILED: April 28, 2023

       Impress Manufacturing (Employer) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed in part the orders of the Workers' Compensation Judge (WCJ). The WCJ had dismissed two successive claim petitions filed by Jomar Rosa-Acosta (Claimant) after he failed to meet evidentiary deadlines imposed by the WCJ. The Board agreed that the WCJ could impose evidentiary deadlines upon litigants but concluded that the WCJ had erred in dismissing Claimant's first petition with prejudice. Upon review, we affirm.

## I. BACKGROUND[1]

       Claimant alleges that he injured his right shoulder and lower back on May 29, 2020, while lifting and carrying boxes for Employer. He filed a claim

---

[1] There are limited relevant facts at this stage of the proceedings; we derive this background from the decisions of the WCJ, entered May 6 and 26, 2021, and the opinion of the Board, entered April 20, 2022. *See* Bd.'s Op., 4/20/22; WCJ's Dec., 5/6/21; WCJ's Dec., 5/26/21.

petition seeking total disability. Claimant testified in support of his petition but never secured medical testimony or evidence. After missing a WCJ-ordered deadline for expert evidence, Claimant sought an extension. The WCJ denied the extension, precluded Claimant from introducing expert evidence, and ultimately dismissed this first petition with prejudice.

Prior to disposition of the first claim petition, Claimant filed a second petition based on the same facts but further alleging a surgical aggravation of his initial injury. The WCJ dismissed the second petition as premature but did not indicate whether the dismissal was with or without prejudice.

Claimant timely appealed both dismissals to the Board. The Board affirmed in part, reasoning that the WCJ properly imposed evidentiary deadlines but erred in dismissing Claimant's first petition with prejudice. Regarding the second petition, the Board agreed that it was premature but clarified that the WCJ's dismissal was without prejudice. Employer petitions this Court for review.[2]

## II. ISSUES

Employer raises three issues on appeal. First, Employer asserts that the Board erred by failing to consider its waiver arguments. *See* Pet'r's Br. at 4. Second, Employer claims that the Board exceeded its authority in vacating the WCJ's decisions. *See id.* Third, Employer contends that the WCJ properly dismissed Claimant's petitions with prejudice. *See id.*

---

[2] Our review is limited to determining whether an error of law was committed, constitutional rights were violated, and necessary findings of fact are supported by substantial evidence. *Montano v. Advance Stores Co., Inc. (Workers' Comp. Appeal Bd.)*, 278 A.3d 969, 976 n.3 (Pa. Cmwlth. 2022).

## III. DISCUSSION

### A. Claimant's Appeal Not Subject to Waiver

Employer asserts that the Board erred by failing to consider Employer's waiver arguments. *See id.* at 11. Additionally, Employer contends that Claimant failed to specify particular findings of fact or conclusions of law with which he disagrees. *See id.* at 11-12. According to Employer, the Board "sua sponte created [an] issue from whole cloth, rather than considering this issue waived." *Id.* at 13.

In response, Claimant argues that his appeal to the Board was sufficiently clear and preserved two issues: (1) whether the WCJ erred in dismissing his first claim petition with prejudice; and (2) whether the WCJ erred in dismissing his second claim petition without specifying whether the dismissal was with or without prejudice. *See* Resp't's Br. at 9-10.[3]

Upon review, there is nothing in the certified record that supports Employer's assertion on appeal that it raised a waiver argument before the Board. *See, e.g.*, Bd.'s Appeal Acknowledgement Letter, 6/10/21 (setting a briefing schedule and oral argument). While Employer may have asserted waiver in its brief to the Board or during its oral argument, neither appears of record. *See Steglik v. Workers' Comp. Appeal Bd. (Delta Gulf Corp.)*, 755 A.2d 69, 74 n.3 (Pa. Cmwlth. 2000) (rejecting claimant's reliance on brief to Board, which was included in

---

[3] Employer does not challenge the specificity of Claimant's appeal from the dismissal of his second petition. *See generally* Pet'r's Br. Nevertheless, we note that Claimant stated, "The order dismissed claim 2 without any discussion or qualification of with or without prejudice. Absent such discussion or qualification, the humanitarian objectives of the [Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 - 1041.4, 2501-2710] preclude the prejudice of Claimant further and the dismissal must be without prejudice." Claimant's Appeal to Bd., 5/24/21.

3

reproduced record, because "what is not of [certified] record does not exist") (cleaned up); *see generally* Pa. R.A.P. 1541, 1921 cmt.[4]

Employer also asserts that Claimant's appeal to the Board was insufficiently specific. Failure to raise an issue before the Board with sufficient specificity results in waiver of the issue upon this Court's review. *See McGaffin v. Workers' Comp. Appeal Bd. (Manatron, Inc.)*, 903 A.2d 94, 101 (Pa. Cmwlth. 2006); *Matticks v. Workers' Comp. Appeal Bd. (Thomas J. O'Hora Co., Inc.)*, 872 A.2d 196, 202 (Pa. Cmwlth. 2005); Pa. R.A.P. 1551(a); 34 Pa. Code § 111.11 (requiring reference to specific findings of fact and errors of law).

In his appeal to the Board from the WCJ's dismissal of his first petition, Claimant asserted that the WCJ erred in denying him an opportunity to introduce medical evidence that would corroborate his testimony. *See* Claimant's Appeal to Bd., 6/8/21. This assertion of error does not specify any particular finding of fact but, in our view, clearly put the Board (and Employer) on notice that Claimant was challenging the WCJ's interlocutory orders that had denied Claimant an extension to secure expert testimony and precluded Claimant from presenting any medical evidence. *See* WCJ's Order, 1/20/21 (precluding medical evidence from Claimant); WCJ's Order, 1/27/21 (declining Claimant's request for an extension).[5] It was also abundantly clear that Claimant sought to challenge the WCJ's decision to dismiss his first petition with prejudice. *See* Claimant's Appeal to Bd., 6/8/21 (criticizing the WCJ "because the statute of limitations has not expired"). For these reasons,

---

[4] Likewise, nothing in the reproduced record substantiates the Employer's argument.

[5] A party need only file a single appeal to secure review of prior, interlocutory orders. *See Joos v. Bd. of Supervisors of Charlestown Twp.*, 237 A.3d 624, 633 n.9 (Pa. Cmwlth. 2020); Pa. R.A.P. 341, Note.

Employer's waiver arguments lack merit. 34 Pa. Code § 111.11; *cf. McGaffin*, 903 A.2d at 101; *Matticks*, 872 A.2d at 202.

## B. The Board Did Not Exceed its Scope of Review

Employer asserts that the Board exceeded its authority in vacating the WCJ's orders. Pet'r's Br. at 14. According to Employer, the Board substituted its own judgment for the WCJ's factual findings and credibility determinations. *See id.* at 15. Moreover, according to Employer, the Board applied an erroneous standard of review, appropriate to a dismissal for lack of prosecution but not a decision on the merits of a claimant's petition. *See id.* at 18-20. Thus, according to Employer, the WCJ's orders were final, and the Board erred in amending the WCJ's final orders to be "without prejudice." *See id.* at 20-22.

Claimant responds that the Board may consider whether the WCJ erred as a matter of law or whether necessary findings of fact are supported by substantial evidence. Resp't's Br. at 11. Claimant rejects Employer's assertion that the Board re-weighed testimony or issued its own findings of fact. *See id.* at 11-12. Rather, according to Claimant, the Board recognized that the WCJ erred as a matter of law and/or abused his discretion because Employer failed to present any evidence that Claimant's delay in securing medical evidence had prejudiced Employer. *See id.* at 12-15.

In adjudicating an appeal from the decision of a WCJ, the Board's scope of review is limited to determining whether an error of law was committed and whether the necessary findings of fact are supported by substantial and competent evidence. *Bethenergy Mines, Inc. v. Workmen's Comp. Appeal Bd. (Skirpan)*, 612 A.2d 434, 436-37 (Pa. 1992); Section 423(a) of the Act, 77 P.S. § 853.

Here, Claimant challenged the legal decision of the WCJ to preclude

5

Claimant from introducing medical evidence in support of his first petition. *See* Claimant's Appeal, 6/8/21. Upon its review, the Board acknowledged the WCJ's discretion to control his docket and penalize parties who delay in prosecuting a claim. *See* Bd.'s Op. at 4; *see also Wagner v. Workers' Comp. Appeal Bd. (Ty Constr. Co., Inc.)*, 83 A.3d 1095, 1098 (Pa. Cmwlth. 2014) (recognizing the WCJ's authority to preclude evidence). However, the Board further noted the relevant standards for dismissing a petition for lack of prosecution and concluded that the WCJ had erred as a matter of law in dismissing Claimant's first petition with prejudice. *See* Bd.'s Op. at 4-6 (citing cases as set forth, *infra*).

In our view, Employer's attempt to frame the WCJ's orders as an adjudication of the underlying merits of Claimant's petitions ignores the impact of the WCJ's interlocutory orders. By precluding Claimant from presenting medical evidence, the WCJ effectively deprived Claimant of the ability to prosecute his claim. Thus, we discern no error in the Board's formulation of the relevant legal issues. For these reasons, we conclude that the Board acted within the scope of its authority. *See Bethenergy Mines, Inc.*, 612 A.2d at 436-37; Section 423(a) of the Act, 77 P.S. § 853.

**C. The WCJ Erred in Dismissing Claimant's First Petition with Prejudice**

Finally, Employer asserts that the WCJ properly dismissed Claimant's first petition with prejudice. Pet'r's Br. at 22.[6] According to Employer, it was prejudiced by Claimant's unjustified delay. *See id.* at 22-24 (suggesting that changes in Claimant's medical condition, particularly after an intervening surgery, placed Employer at a disadvantage). Thus, dismissal with prejudice was appropriate. *Id.* (citing *US Airways v. Workers' Comp. Appeal Bd. (McConnell)*, 870 A.2d 418 (Pa.

---

[6] On the merits, Employer offers no argument specific to Claimant's second petition. *See* Pet'r's Br. at 22-27.

Cmwlth. 2005)). Employer also asserts that dismissal with prejudice was appropriate because the WCJ repeatedly warned Claimant of the deadlines imposed. *See id.* (citing *Cipollini v. Workmen's Comp. Appeal Bd. (Phila. Elec. Co.)*, 647 A.2d 608 (Pa. Cmwlth. 1994)).

Claimant rejects this argument, asserting in response that "[t]here is nothing in the evidentiary record to support a finding of prejudice[.]" Resp't's Br. at 16 (emphasis removed) (noting further that Claimant is still within the three-year statute of limitations).

The Act is remedial in nature and intended to benefit the worker; it should be construed liberally to effectuate its humanitarian purposes. *Northtec, LLC v. Workers' Comp. Appeal. Bd. (Skaria)*, 147 A.3d 63, 65 (Pa. Cmwlth. 2016).

In a claim petition, the claimant bears the burden of establishing all elements necessary for relief. *Wagner*, 83 A.3d at 1098. This includes proof that the claimant sustained a work-related injury and, absent an obvious causal connection between the injury and the alleged work-related cause, unequivocal medical evidence establishing the connection. *Degraw v. Workers' Comp. Appeal Bd. (Redner's Warehouse Mkts., Inc.)*, 926 A.2d 997, 1000 (Pa. Cmwlth. 2007).

The dismissal of a claimant's petition for lack of prosecution is only appropriate where prejudice is shown. *Baird v. Workmen's Comp. Appeal Bd. (MCTEL)*, 602 A.2d 452, 454 (Pa. Cmwlth. 1992). The WCJ must make a specific finding of prejudice in support of his decision to dismiss a petition. *US Airways*, 870 A.2d at 423. Absent a specific finding of prejudice, dismissal without prejudice is appropriate. *Wagner*, 83 A.3d at 1101; *Baird*, 602 A.2d at 454. Moreover, mere delay caused by a claimant's failure to comply with specific deadlines is insufficient. The delay must prejudice the defendant. *Northtec, LLC*, 147 A.3d at 69. The

dismissal of a petition for lack of prosecution may be set aside for an abuse of discretion. *Wagner*, 83 A.3d at 1098.

Here, the WCJ directed Claimant to submit his evidence no later than January 15, 2021, and warned Claimant that the deadline would not be extended. *See* WCJ's Order, 10/7/20. Claimant failed to meet this deadline, and the WCJ precluded Claimant from presenting any medical evidence. *See* WCJ's Order, 1/20/21; *see also* WCJ's Order 1/27/21. Claimant sought an extension, asserting that the delay was caused in part because of staffing issues that arose during the COVID-19 pandemic, including the lack of Spanish-speaking staff, but this singular request for an extension was denied. *See* WCJ's Order, 1/27/21. Claimant's failure to adduce medical evidence to establish causation left his claim subject to dismissal for lack of prosecution. *See Wagner*, 83 A.3d at 1101; *Degraw*, 926 A.2d at 1000.

However, the record does not support a dismissal with prejudice. In this regard, Employer's reliance upon *US Airways* is misplaced. In that case, the WCJ dismissed claim petitions for lack of prosecution after the claimant failed to appear at several, separately scheduled, independent medical examinations (IME) in violation of the WCJ's order. *US Airways*, 870 A.2d at 420. In support of the dismissal, the WCJ specifically found that the claimant's repeated delays, the expected changed circumstances, and the considerable expenses incurred by the claimant's employer had prejudiced the employer. *Id.* The Board affirmed the dismissal but amended the language of the WCJ's order, removing "with prejudice" from the disposition and thus permitting the claimant to refile her claim. *Id.* at 421. Upon appeal, the *US Airways* Court reinstated the WCJ's original order, affirming the dismissal of the claimant's petitions with prejudice because the WCJ's specific findings were supported by the record. *Id.* at 423.

In contrast to *US Airways*, here, while Claimant was unable to secure medical testimony in timely fashion, Employer had no such difficulty. *See* WCJ Order, 1/27/21, at 4 (finding that Employer had secured an IME of Claimant on November 13, 2020, performed by Dr. Robert Mauthe); Employer Ltr., 11/24/20 (asserting same). Any delay caused by Claimant did not hinder Employer's ability to secure medical evidence. On this record, it does not appear that Employer suffered any prejudice from Claimant's delay, nor did the WCJ make specific findings of prejudice to Employer. *See* WCJ Order, 1/20/21; WCJ Order, 1/27/21; WCJ Order, 2/18/21; WCJ's Dec., 5/26/21; WCJ's Dec., 5/6/21.

Employer's citation to *Cipollini* is also inapposite. In that case, the referee (now WCJ) granted the claimant five continuances over the employer's objections in order secure medical testimony. *Cipollini*, 647 A.2d at 608. Nevertheless, the claimant repeatedly disregarded those deadlines and failed to even schedule depositions of medical witnesses after the referee had specifically warned the claimant that the record would be closed. *Id.* at 611 n.8. The claimant made no attempt to justify the delay. *See id.* (counsel for claimant conceding, "[i]t is completely and absolutely my fault for not having taken action on this file").

While dilatory, Claimant in this case is hardly comparable to the *Cipollini* claimant. Certainly, Claimant delayed in securing the necessary medical evidence to prosecute his petition, but Claimant offered a reasonable explanation for the delay given the ongoing pandemic. Further, the WCJ did not grant Claimant multiple continuances over Employer's objections, and the singular warning by the WCJ that there would be no extensions seems arbitrary and unjustified under these circumstances, particularly given the WCJ's subsequent failure to identify any prejudice to Employer in dismissing Claimant's first petition.

9

For these reasons, we agree with the Board and conclude that the WCJ abused his discretion in dismissing Claimant's first petition with prejudice. *Wagner*, 83 A.3d at 1098.

## IV. CONCLUSION

In this case, Claimant was unable to secure medical evidence necessary to establish causation. Thus, the WCJ properly dismissed Claimant's first petition for lack of prosecution. Prior to that dismissal, Claimant filed a second petition asserting the same underlying injury, and the WCJ properly dismissed this second petition as premature. However, the delay caused by Claimant did not prejudice Employer; therefore, the Board correctly held that the WCJ erred in dismissing Claimant's first petition with prejudice. In appealing the orders of the WCJ, Claimant presented sufficiently specific grounds for relief, and the Board formulated an appropriate analysis, amending the WCJ's orders to clarify that Claimant's petitions were dismissed without prejudice. Accordingly, we affirm.[7]

_____
LORI A. DUMAS, Judge

_____

[7] In light of our disposition, Claimant may refile a claim, provided he does so in timely fashion. Claimant alleges that he was injured on May 29, 2020. There is a 3-year limitations period defined by the Act. *See* Section 315 of the Act, 77 P.S. § 602. The Supreme Court has interpreted this provision as a statute of repose unless tolled by specific conduct of the employer. *Westinghouse Elec. Corp. v. Workers' Comp. Appeal Bd. (Korach)*, 883 A.2d 579, 588 (Pa. 2005); *see also Schreffler v. Workers' Comp Appeal Bd. (Kocher Coal Co.)*, 788 A.2d 963 969 (Pa. 2002) (holding that "payments of medical expenses can constitute 'payments of compensation' for purposes of section 315 and will toll the limitations period in an appropriate case"). The courts may not extend the period *ex gratia*; something akin to fraud is required. *See Rowles v. State Workmen's Ins. Fund*, 14 A.2d 551, 554 (Pa. Super. 1940).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Impress Manufacturing,              :
            Petitioner     :
                           :
        v.             :   Nos. 492 C.D. 2022
                           :     493 C.D. 2022
Jomar Rosa-Acosta (Workers'  :
Compensation Appeal Board),  :   CASES CONSOLIDATED
           Respondent  :

## **O R D E R**

AND NOW, this 28th day of April, 2023, the order of the Workers'

Compensation Appeal Board, entered April 20, 2022, is AFFIRMED.

 

                 _____
                 LORI A. DUMAS, Judge